UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

                                     Civil No. 08-70005-HA

        v.                            Crim. No. 96-311-HA

ANTONIO RODRIGUEZ-PRECIADO,        OPINION AND ORDER

        Defendant-Petitioner.

_____

HAGGERTY, Chief Judge:

        Defendant Antonio Rodriguez-Preciado (petitioner) has filed a *pro se* Motion to Vacate or Correct Sentence [240] asking the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. This court has considered the motion, which is construed as a petition, and the briefing filed in support and in opposition to the petition. For the following reasons, the petition is denied.

## BACKGROUND

Petitioner was arrested on June 16, 1996 pursuant to an extensive investigation undertaken by the Regional Organized Crime Narcotics (ROCN) Task Force.  After being granted a pretrial release, petitioner failed to appear for his arraignment on a superseding indictment.  Petitioner was arrested on a warrant in California on August 14, 2001.  He stood trial on three counts: (1) conspiracy to possess with intent to distribute controlled substances (methamphetamine and cocaine); (2) distribution of methamphetamine; and (3) possession with intent to distribute methamphetamine.  Petitioner was convicted on each count by a jury on January 19, 2003.  The jury also determined that the drug quantity involved in petitioner's crimes was more than 100 grams of actual methamphetamine, or one kilogram or more of a mixture or substance containing a detectible amount of methamphetamine.

A Presentence report (PSR) was prepared for petitioner and calculated his guideline range at a level 36 because of his relevant drug conduct.  PSR ¶ 14, 48, 53.  Petitioner also received two levels for obstruction of justice, establishing his adjusted offense level at 38.  PSR ¶ 50, 57 58.  In light of his criminal history category, the applicable guideline range was 235 to 293 months.  PSR ¶ 64, 80.

Petitioner's counsel objected to the PSR, challenging quantity calculations and the obstruction of justice enhancement.  These issues were addressed at petitioner's sentencing on June 16, 2003, and included in the Finding of Fact Order.  Ex. C, p. 6-7.  Petitioner was sentenced to 235 months on each count of conviction, to run concurrently.  This sentence was within his guideline range.  Ex. C, p. 4.

Petitioner's subsequent appeal, argued on September 13, 2004, raised challenges to his convictions related to the admissibility of evidence, admissibility of statements, compliance with

the Speedy Trial Act and Consular Treaty rights, and the propriety of the government's closing arguments. His sentence was not challenged.

The Ninth Circuit of the United States Court of Appeals upheld the convictions in an opinion filed March 4, 2005. *See United States v Rodriguez-Preciado*, 399 F.3d 1118 (9th Cir. 2005).

On July 29, 2005, the Ninth Circuit amended its previous opinion and ordered a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) to determine whether petitioner's sentence would have been materially different had the court known that the sentencing guidelines were advisory. *See United States v. Rodriguez-Preciado*, 416 F.3d 939 (9th Cir. 2005).

Pursuant to this remand, petitioner filed a "Sentencing Memorandum" that requested that his prior sentence be vacated and that he be re-sentenced to no more than 121 months. Petitioner asserted that the reliability of the drug calculation should be re-examined and that the applicable sentencing range should be from 121 to 151 months.

At the post-*Ameline* remand sentencing proceeding, this court heard argument and concluded that having an awareness that the guidelines were advisory would not have resulted in a materially different sentence for petitioner. Petitioner appealed, and on August 7, 2006, the Ninth Circuit affirmed the sentence, concluding that the sentence is reasonable. *United States v. Rodriguez-Preciado*, 196 Fed. Appx. 607 (9th Cir. 2006).

Petitioner now comes forward and asks the court to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Petitioner contends that his sentence exceeded what was reasonable in light of the verdict returned against him after trial. He also argues that the

obstruction of justice enhancement was improper, and that he is entitled to relief because of ineffective assistance of counsel.

## STANDARDS

Petitioner relies upon 28 U.S.C. § 2255. That statute provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in original). The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Popoola*, 881 F.2d 811, 812 (9th Cir. 1989) (quoting *Marrow v. United States*, 772 F.2d 525 (9th Cir. 1985)); *see also United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle the petitioner to relief. *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

This court has reviewed the Record and the parties' briefs.  A hearing is unnecessary.

**ANALYSIS**

> **1.      Ineffective assistance of counsel**

Because the determination of whether petitioner is procedurally defaulted (*see below*) is determined by the merits of petitioner's ineffective assistance of counsel claim, that claim is addressed first.

Petitioner challenges the performance of his counsel because "[a]t no time did either trial counsel, or appeal counsel . . . ever raise the clear and obvious issue of the special jury verdict." Pet'r Mem. in Supp. at 12.  Petitioner questions the fairness inherent in his sentence because he believes that his sentence exceeds what is reasonable given the special verdict's scope. Petitioner's assertions in that regard are examined in greater detail below.  At the outset, this court resolves whether counsel's failure to advance arguments about the verdict rises to the level of ineffective assistance.

To prevail on a claim of ineffective assistance of counsel, a petitioner must prove both incompetence of counsel and prejudice to petitioner's case.  The petitioner bears the burden of showing that counsel's performance was unreasonable in light of the prevailing professional norms and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The reasonableness of counsel's performance is judged based on the facts of the particular case as they were known at the time of counsel's conduct. *Bell v. Cone*, 535 U.S. 685, 698 (2002).

Failure to make the required showing on either the "incompetence" prong or the "prejudice" prong "defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

To establish ineffective assistance of counsel, petitioner must establish both deficient performance by counsel and that the deficiency prejudiced the petitioner. *Williams v. Calderon*, 52 F.3d 1465, 1469 (9th Cir. 1995). There is no need to evaluate the counsel's performance if the petitioner fails to show that prejudice resulted from the counsel's alleged errors. *Strickland*, 466 U.S. at 697.

If prejudice from the alleged errors is shown, petitioner must overcome a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Palomba*, 31 F.3d 1456, 1460 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 690). "The essence of an ineffective assistance of counsel claim is that counsel's conduct so undermined the proper functioning of the adversarial process" that the results of the subsequent trial or plea "cannot be relied on as having produced a just result." *Williams*, 52 F.3d at 1469 (internal quotations omitted).

To establish deficient performance, the petitioner must demonstrate that counsel not merely committed errors, but also performed outside the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Petitioner must show that counsel's representation failed to meet an objective standard of reasonableness. *Id*. at 688. To establish prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Williams*, 52 F.3d at 1469 (quoting *Strickland*, 466 U.S. at 694).

Specifically, petitioner must show that counsel committed errors that a reasonable, competent lawyer, acting as a diligent and conscientious advocate, would not make, and that prejudice resulted. *Katz v. United States*, 920 F.2d 610 (9th Cir. 1990); *Tinsley v. Borg*, 895 F.2d 520 (9th Cir. 1990) (citing *Strickland*). The test is whether the assistance was reasonably

effective under the circumstances, and judicial scrutiny must be highly deferential, with the court indulging a strong presumption that the attorney's conduct falls within the wide range of reasonable professional assistance. *Id*.

In this case, petitioner claims ineffective assistance of counsel because neither trial nor appellate counsel challenged petitioner's sentence on grounds that the court's reliance upon the PSR's findings and recommendations for sentencing was inconsistent with the findings presented in the jury verdict. The court has carefully examined the record as it pertains to petitioner's claims, and determines that petitioner's claims and the allegations of ineffective assistance of counsel are insufficient to require a hearing. *See Johnson*, 988 F.2d at 945; *Hearst*, 638 F.2d at 1194. This court's review of the record, and the findings and conclusions made at each of petitioner's sentencings, confirms that the alleged error was not prejudicial, as is also addressed in more detail below. Even assuming prejudice without so deciding, omitting the "verdict argument" that petitioner presents now was conduct by counsel that fell well within the "wide range of professionally competent assistance," and petitioner's sentence did not fail to meet an objective standard of reasonableness.

Petitioner's assumption that his counsel were unreasonable in emphasizing arguments other than a charge that his sentence was inconsistent with his verdict is baseless. His trial attorney's zealous defense in challenging the imposition of enhancements for drug quantity and obstruction of justice was effective and reasonable, if unsuccessful. Similarly, appellate counsel's presentation of sentencing matters did not fall below the wide range of acceptable conduct. At re-sentencing, petitioner's arguments for a lower sentence were fairly presented and considered. Challenges were raised in a well-presented Sentencing Memorandum and in argument at the hearing. At no point did the performance of either trial or appellate counsel fall

below an objective standard of reasonable professional assistance.  Moreover, for reasons
discussed below, there is no reasonable probability that, but for the errors alleged by petitioner,
the results complained of by petitioner would have been different.

>    2.    **Procedural default**

Petitioner's assertion of his sentencing challenge is untimely.  Petitioners ordinarily are
precluded from asserting claims that they failed to raise on direct appeal.  *See McNeal v. United
States*, 249 F.3d 747, 749 (8th Cir. 2001).  A petitioner who has procedurally defaulted a claim
by failing to raise it on direct review may raise the claim in a 28 U.S.C. § 2255 proceeding only
by demonstrating cause for the default and prejudice or actual innocence.  *Bousley v. United
States*, 523 U.S. 614, 622 (1998); *see also Massaro v. United States*, 538 U.S. 500, 504 (2003) (
general rule is that claims not raised on direct appeal may not be raised on collateral review
without a showing of cause and prejudice).  "Cause" under the cause and prejudice test must be
something external to the petitioner, something that cannot be fairly attributed to him or her.  *See
Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  If a petitioner fails to show cause, a court
need not consider whether actual prejudice exists.  *McCleskey v. Zant*, 499 U.S. 467, 501 (1991).

Actual innocence under the actual innocence test "means factual innocence, not mere
legal insufficiency."  *Bousley*, 523 U.S. at 623-24.

There is no dispute that petitioner failed to address the purported inconsistency between
his sentence and the jury verdict on direct appeal.  Petitioner's counsel performed well within the
objective standard of reasonable professional assistance, and petitioner fails to show any cause
for his failure to present the claims here on direct appeal.  A motion to vacate or modify a
sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal.  *United States
v. Frady*, 456 U.S. 152, 165 (1982).   Section 2255 is not a vehicle with which criminal

defendants may obtain repeated opportunities to overturn convictions on grounds which could have been raised on direct appeal. *United States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985).

### 3.    No merit

Even if petitioner's claims were not procedurally defaulted, they would be denied as lacking merit. Petitioner contends that his sentence was inconsistent with the jury's verdict, and that "the sentencing judge had to find additional facts beyond the jury's special verdict to arrive at the sentence" imposed. Pet'r Mem. In. Supp. at 13.

It is true that any fact (other than a prior conviction) "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). However, a fact that increases the penalty in a manner that does not exceed the statutory maximum need not be found by a jury. This is because under *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines have been rendered advisory rather than mandatory. Therefore, extra-verdict judicial factfinding does not offend the Constitution, so long as the sentence imposed does not exceed the statutory maximum. *See United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005) (*en banc*). The district court may determine where to start in calculating the sentence from both evidence that was presented to the jury and additional evidence as found by the district court, so long as the Guidelines are treated as advisory. *See id.* As established ultimately in this action, the Guidelines here were construed as advisory.

Similarly, petitioner's argument that the court erred when it enhanced the sentencing range by two levels for obstruction of justice lacks merit. Encompassed within the analysis that rendered the Guidelines advisory, the Supreme Court also recognized that enhancements such as

those imposed for obstruction of justice may be determined by the court, not the jury.  *Booker*,

543 U.S. at 258-60.  *Ameline*, 409 F.3d at 1077-78 (a possible constitutional infirmity arises only

when extra-verdict findings are rendered in a mandatory guidelines system).  The enhancement

for obstruction of justice under the advisory Guidelines complied with the Sixth Amendment.

Petitioner's sentence was properly based upon defendant's relevant conduct – including a valid

finding of obstruction of justice – was within the statutory maximum and is lawful.

## CONCLUSION

Petitioner's briefing and arguments have been considered by this court.  These arguments

are rejected as procedurally defaulted and because the arguments lack sufficient merit to support

a petition brought under 28 U.S.C. § 2255.  For the foregoing reasons, Antonio Rodriguez-

Preciado's Motion to Vacate or Correct Sentence [240] under 28 U.S.C. 2255 [18] is DENIED.

All other pending motions in this matter have been considered and are denied as moot.

IT IS SO ORDERED.

DATED this    22    day of January, 2009.


            /s/ Ancer L. Haggerty
            Ancer L. Haggerty
            United States District Judge